UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2016
David J. Bradley, Clerk

| | |
|---|---|
| CCC Casualty Company, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-15-912 |
| § | |
| Celia Castillo, et al., § | |
| § | |
| Defendants. § | |

# Opinion on Judgment

1.  *Introduction.*

    An insurer seeks a declaratory judgment that its policy does not cover claims related to its insured's theft of funds from her clients. It has no duty to defend or indemnify the insured for her claims.

2.  *Background.*

    Celia Castillo worked for FTS Life Insurance Agency, Inc., as an annuity broker. She sold annuities to investors, including Doris Leaman, Ivan Morales, Carmen Morales, Elma Hoffman, Judith McGinley, and Betty Aldrige. They have brought claims against Castillo.

    Castillo had bought insurance from CCC Casualty Company. The policy covered her obligations to pay claims by clients for her negligent acts, errors, or omissions in her brokerage.

    The investors say that Castillo sold them annuities that did not exist and kept their money sent for premiums. They sued Castillo and Agency for an array of claims arising out of Castillo's misconduct. Agency demanded that Castillo indemnify it.

    Casualty seeks a declaration that its policy does not cover these claims.

3. *Claims.*

Casualty seeks a declaratory judgment about these claims:

| Party | Claim |
|---|---|
| Leaman | Complained in Texas court that Castillo diverted and stole funds |
| Ivan Morales<br>Carmen Morales | Complained in Texas court that Castillo diverted and stole funds |
| McGinley | Sent Castillo a demand letter for the return of $30,000 she gave her to buy annuities |
| | Petitioned to join Morales suit. |
| Hoffman | Testified in Morales suit that she gave Castillo money to purchase annuities that she did not purchase. |
| | Petitioned to join Morales suit. |
| Aldridge | Testified in Morales suit that she gave Castillo money to purchase annuities that she did not purchase. |
| | Petitioned to join Morales suit. |
| Agency | Sent Castillo a demand letter for indemnification from the clients' claims. |

4. *Duties to Defend and Indemnify.*

Casualty has a duty to defend Castillo against a client's claim that she negligently acted – an error or omission – while working for them.

If Casualty does not have a duty to defend Castillo because the claims are not covered by the policy, it also does not have a duty to indemnify Agency or her for those claims.[1]

---

[1] *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

5.  *Investors.*

The investors have made a cluster of claims all based on the same core facts: (a) they gave Castillo money to buy annuities, (b) she did not buy the annuities, and (c) she purloined their money. The legal theories they assert require different levels of intent. Theft, for example, requires that Castillo intentionally took and kept money that was not hers. Money had and received requires that she currently holds money that equitably belongs to the investors and has refused to pay it. It is not premised on wrongdoing.

The policy only covers claims based on negligence. The investors do not plead that Castillo acted negligently. Their loss was not an accident in the processing of their business; it was an intentional diversion. Refusing to return money acquired by dishonesty is not an error. Casualty does not have a duty to defend or indemnify Castillo for their claims.

6.  *Agency.*

   A.  *Objections.*

Agency objects to the exhibits filed by Casualty that consist of the underlying claims made by investors against Castillo. It does not, however, dispute their authenticity or the veracity of their contents. They are admissible.

Agency also says that this motion is not ripe because not all of the defendants have brought claims against Castillo. The policy defines a claim as a written demand for money. Each investor has sent Castillo a written demand for money. Further, no material dispute exists about the contents of the investors' claims. Casualty's claim for a declaration that it does not have to defend or pay them is ripe.

   B.  *Claim.*

Agency made a demand against Castillo that she indemnify it for the investors' claims. The policy only covers claims against Castillo by *clients*. Agency was her employer, not her client. Casualty will take a declaration that it does not have a duty to defend or indemnify Castillo for Agency's claims.

7. Conclusion.

Casualty insured Castillo for negligently mismanaging her clients' money. Some have said that she stole their money; all have said that she kept for herself money of theirs that was to be used for them. Her former employer has said that she must indemnify it for the clients' claims. The policy only covers a client's claim against Castillo for negligent acts. Claims by an agent or based on intentional acts are beyond its scope.

Casualty will take a declaration that it does not have a duty to defend or indemnify Castillo against those claims.

Signed on October 21, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge